J-A18025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDREW COLLINS, AS EXECUTOR OF THE ESTATE OF RICHARD A. COLLINS, DECEASED<br><br>Appellee<br><br>v.<br><br>MANORCARE OF LANCASTER PA, LLC D/B/A MANORCARE  HEALTH SERVICES-LANCASTER, AND HCR MANORCARE, INC., AND DCR HEALTHCARE, LLC, AND HCR II HEALTHCARE, LLC, AND MANORCARE HEALTH SERVICES, INC., AND MANORCARE, INC., LANCASTER GENERAL HEALTH AND LANCASTER GENERAL REHABILITATION SERVICES, INC., D/B/A LANCASTER REHABILITATION HOSPITAL, AND LANCASTER REHABILITATION HOSPITAL<br><br>Appellants | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 762 MDA 2014 |

Appeal from the Order Entered April 4, 2014
In the Court of Common Pleas of Lancaster County
Civil Division at No: 12-15908

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 13, 2017**

This case returns to this Court following a remand from our Supreme Court.  On November 15, 2016, the Court granted the petition for allowance of appeal filed by Appellants (collectively ManorCare), vacated our previous order affirming the overruling of preliminary objections to compel arbitration

of claims brought under the Wrongful Death and Survival Acts,[1] and remanded the case to us for further proceedings consistent with **Taylor v. Extendicare Health Facilities, Inc.,** ___A.3d___, 2016 WL 5630669 (Pa. Sept. 28, 2016). Upon review, we reverse and remand.

Briefly, the claims arise from the death of Richard A. Collins, after he was a resident at a nursing home operated by ManorCare.

We previously noted that wrongful death claims are not subject to arbitration, because a decedent's agreement to arbitrate is not enforceable against the decedent's wrongful death beneficiaries. **Pisano v. Extendicare Homes, Inc.**, 77 A.3d 651, 661 (Pa. Super. 2013). In our previous decision, we relied exclusively on this court's decision in **Taylor v. Extendicare Homes, Inc.**, 113 A.3d 317, 320 (Pa. Super. 2015), *rev'd*, ____A.3d _____, 2016 WL 5630669 (Pa. Sept. 28, 2016). We held that Pa.R.C.P. No. 213(e), requires compulsive joinder of Survival Act claims and wrongful death claims and such joinder does not violate the Federal Arbitration Act.[2] Unpublished Memorandum, 6/18/2015, at 2. Following reversal in **Taylor**, it is clear that Pa.R.C.P. No. 213(e) does violate the Federal Arbitration Act, and therefore is preempted. **Taylor**, 2016 WL 563069 at 16. This preemption requires that Appellants' preliminary

---

[1] Respectively, 42 Pa.C.S.A. §§ 8301 and 8302.

[2] 9 U.S.C. § 2.

objections to compel arbitration be sustained and the wrongful death and Survival Act claims be severed.

"The only exception to a state's obligation to enforce an arbitration agreement is provided by the savings clause, which permits the application of generally applicable state contract law defenses such as fraud, duress, or unconscionability, to determine whether a valid contract exists." **Taylor**, 2016 WL 5630069 at 14 (citations omitted). Appellees also argued that the arbitration agreement is not enforceable because the designated arbitration forum (the NAF) never was in a position to administer arbitration, and further that the arbitration agreement is procedurally and substantively unconscionable. Since the trial court did not address these issues, we remand in accord with **Taylor** and further, to permit the trial court to address these contract based defenses.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/2017